```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                    )
MICA SAINT-JEAN, et al.,            )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )    Civil Action No. 08-1769 (RWR)
                                    )
DISTRICT OF COLUMBIA PUBLIC         )
SCHOOLS DIVISION OF                 )
TRANSPORTATION, et al.,             )
                                    )
    Defendants.                     )
_____)
```

## MEMORANDUM ORDER

The plaintiffs were ordered to show cause why the complaint should not be dismissed as to defendant Michelle Smith for failure to state a claim for which relief can be granted. In response, they filed a memorandum conceding that their Whistleblower Protection Act, *quantum meruit*, and defamation claims against Smith should be dismissed. (Pl.'s Supp'l Mem. at 1 n.1.) They argue, though, that they have sufficiently pled facts that reflect Smith's status as an "employer" to state a claim against her under the Fair Labor Standards Act ("FLSA").

To be liable for a FLSA violation, the defendant must qualify as an "employer." 29 U.S.C. §§ 206-07 (2006). In this circuit, whether an individual is an employer within the meaning of the FLSA is determined by the "economic reality" of the employment relationship, assessing whether the alleged employer 1) has hiring and firing authority, 2) supervises and schedules

employee work hours or conditions of employment, 3) determines the rate and method of payment, and 4) maintains employment records. Morrison v. Int'l Programs of Consortium, Inc., 253 F.3d 5, 11 (D.C. Cir. 2001).

Rather than demonstrate how the facts pled satisfy the Morrison factors, the plaintiffs cite FLSA cases brought against officers of private corporations where courts assessed the degree of their ownership interest and operational control over the corporation's functions. See, e.g., Chao v. Hotel Oasis, Inc., 493 F.3d 26 (1st Cir. 2007); Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 1, 6 (D.D.C. 2010). The complaint here makes no allegation that Smith has any ownership interest in a government agency. Nor have plaintiffs rebutted the judicial doubt cited by the defendants that Congress ever intended to impose individual liability upon public employers under the FLSA. (See Def.'s Opp'n to Pl.'s Mem. at 4 n.2.)

Instead, the plaintiffs insist that the complaint survives since it demonstrates Smith's operational control over the Division of Transportation ("DOT"). For example, plaintiffs cite Smith's responsibility for supervising bus drivers and attendants and for assigning employees' hours, runs, and suspensions. (Pl.'s Mem. at 3.) But the memorandum opinion and show cause order, Mica Saint-Jean, et al. v. D.C. Pub. Sch. Div. Of Transp., Civ. Action No. 08-1769 (D.D.C. March 31, 2011), assumed that the

complaint satisfied the second Morrison prong. Id. at 6. It is the remaining prongs that the plaintiffs fail to satisfy. Smith's alleged ability to temporarily suspend without pay does not allege any ability to terminate employment. Nor do the plaintiffs identify any authority equating the power to suspend and the power to fire. (See Am. Compl. ¶ 57; Pl.'s Supp'l Mem. at 3.) Compare Gilbert v. Homar, 520 U.S. 924, 932 (1997) (distinguishing between temporary suspension without pay and termination from employment in determining what process is due). And the plaintiffs do not allege that Smith had hiring authority; they aver that DOT hired them. Moreover, the complaint does not allege that when plaintiffs received their pay from DOT, the rate or method was set by Smith. The plaintiffs simply allege that Smith corruptly demanded a cut of their pay after they received it. The plaintiffs cite no authority supporting the proposition that one who orchestrates a kickback scheme controls methods of pay. Nor have plaintiffs alleged any facts showing that Smith maintained employment records.

The plaintiffs have failed to demonstrate that the complaint alleges facts reflecting Smith's status as an employer within the meaning of the FLSA. Accordingly, it is hereby

ORDERED that the complaint be, and hereby is, DISMISSED against Smith.

SIGNED this 20th day of June, 2011.

```
                                     /s/
                          RICHARD W. ROBERTS
                          United States District Judge
```